### THOMASON v. THOMASON.

INJUNCTION—ALIMONY.—Circuit order modifying previous injunction restraining husband from disposing of certain funds pending suit for alimony, so as to pay half of fund to husband and to invest balance in certain lands in name of husband, and enjoining him from transferring same, affirmed and held to properly protect wife's rights; and order construed to prevent husband from mortgaging or encumbering same.

Before TOWNSEND, J., Spartanburg, September, 1905. Affirmed.

Action by Lillie Thomason against Claude Thomason. From order modifying order of injunction restraining defendant from receiving certain funds, plaintiff appeals.

*Messrs. Evans & Finley* and *Sanders & DePass,* for appellant. *Messrs. Sanders & DePass* cite: *Error to dissolve injunction necessary to plaintiff's rights on ex parte affidavits:* 69 S. C., 52; 42 S. C., 101; 51 S. C., 434; 54 S. C., 457; 62 S. C., 196; 67 S. C., 84. *When alimony will be granted:* 60 S. C., 431; 68 S. C., 124; 51 S. C., 387; 1 DeS., 196.

*Mr. Stanyarne Wilson,* contra, cites: *The law of alimony in this State:* 1 McC., 117; 10 Rich., 173; 51 S. C., 387; 60

S. C., 445; 1 Ency., 485; 9 Ency., 810, 816. *As to modifying or dissolving temporary injunctions:* 51 S. C., 435; 54 S. C., 473; 51 S. C., 387; Code of Proc., 246; 68 S. C., 35.

December 15, 1905. The opinion of the Court was delivered by

Mr. Chief Justice Pope. An order was made on the *ex parte* application of the plaintiff whereby his Honor, Judge D. A. Townsend, enjoined the defendant, Claude Thomason, from receiving the sum of $4,209 until the further order of the Court. This sum was the proceeds of defendant's judgment against the Southern Railway Company on account of injury received by him from said railway. The ground of the plaintiff's application for the injunction prayed for was the claim of plaintiff for alimony after charging her husband with desertion, etc.

Subsequently, after due notice, the defendant moved for a dissolution of the injunction already granted. Upon due consideration, his Honor, Judge Townsend, ordered a modification of his injunction by allowing the defendant to receive the sum of about $2,181, but restraining the defendant, who had suggested his willingness that so much of his money so received from the Southern Railway Company as was necessary to pay for the tract of land, containing 138 2-3 acres, near Crawley station, in said county of Spartanburg, in this State, should be held by the clerk of court and so invested, from transferring said tract of land until the further order of this Court. From this modification of said original order of injunction of Judge Townsend, the plaintiff has appealed to this Court.

After careful consideration, the Court is of the opinion that the order of Judge Townsend should be affirmed, as it seems to fully protect whatever right the plaintiff may establish under the allegations of her complaint. Inasmuch as the cause is yet to be heard upon its merits, we do not deem it necessary or proper to discuss the testimony submitted on the hearing before Judge Townsend.

The order of Judge Townsend restrains the defendant from transferring the said tract of land until the further order of the Court. We construe this as intending, also, that the defendant shall not mortgage or encumber the same until the further order of the Court.

It is the judgment of this Court, that the order appealed from be and the same is affirmed.